John T. Casey, J.
The petitioner became a member of the New York State Retirement System on December 3, 1959, employed as a Senior Valuation Engineer at an annual salary of $7,800. He resigned this position on June 28, 1961 for private employment. He returned to New York State service on June 17, 1963 at an annual salary of $12,000 and rejoined the Retirement System, but this time as an employee of the Power Authority, a participating employer in that system. He is still so employed.
Subdivision k of section 41 of the Retirement and Social Security Law, added by chapter 457 of the Laws of 1970 and effective May 5, 1970, governs the retirement credit for World War II military service that may ibe purchased by “ a member in the employ of the State as of March thirty-first, nineteen hundred and seventy ”. This section, of course, applies only to “ direct ” 'State employees and not to those of a participating employer. In paragraph 2 of that subdivision it is provided that to obtain this credit for military service “ a member shall: (a) deposit * * * a sum equal to the product of his normal rate of contribution at time of entry into state service, his annual rate of compensation at that time and the period of military service being claimed with regular interest, and (b) deposit in the pension accumulation fund a sum equal to the product of the state’s normal contribution rate at the time of the member’s entry into such service, his annual rate of compensation at that time, and the period of military service being claimed with regular interest”. (Italics supplied.)
At the same Legislative session and effective the same day, May 5, 1970, section 33 of the Retirement and Social Security Law was added (L. 1970, oh. 467), and that section provided that ‘[1] By the adoption, filing and approval * * * of a resolution * * * a participating employer may elect to provide for its own employees any of the benefits provided for persons in the employ of the state listed * * * as follows: ” “in subdivision k of section forty-one ’ ’.
The Power Authority as a participating employer adopted such a resolution on April 19, 1971, filed it on April 21, 1971, and within the time limit provided, filed a request on behalf of the petitioner to purchase for him the three years of[1] military service credit allowed.
The dispute herein exists because the Retirement System notified the petitioner that his military service credit would be computed on the basis of his salary at the time he became employed by the Power Authority (i.e., $12,000) and thus the *48 cost to him for three years’ service credit would be $7,917,[1] whereas the petitioner urges that his military service credit must be computed at the rate of salary at which he first entered State service (i.e., $7,800) and thus the cost to him for three years’ service credit should be approximately $5,100. It is the petitioner’s contention that the adoption and filing of the resolution under section 33 gave .participating employers and their employees all the rights given direct .State employees under section 41 (subd. Ic) and since that section provides the normal rate of contribution “ at time of entry into state service ” is the basis of the computation the petitioner must succeed since he entered State service at an annual salary of $7,800.
The difficulty with the petitioner’s position is that subdivision k of section 41 by its terms permits service credit only to direct employees of the State as of March 31, 1970. As of that date the petitioner was not a direct employee of the State; he was an employee of a participating employer, the Power Authority. Had that Authority failed to adopt an appropriate resolution electing the benefits of subdivision k of section 41, the petitioner would and could have received no benefits whatever from that section. By adopting such a resolution the Power Authority gained the benefits of subdivision k of section 41 for its employees but as of the date of their employment as employees of participating employers. The resolution could not have converted participating employees who had no prior State service whatever into direct State employees and did not convert those participating employees with direct State service prior to March 31, 1970 into direct State employees as of the date of their prior entry into direct State service. It is section 33 which gives the petitioner and other participating employees (whether they have or have not prior direct State service) the benefits of subdivision k of section 41. Only through the adopted resolution and not directly from subdivision k of section 41 do the benefits accrue to participating employees. Therefore, those participating employees with direct State service prior to March 31, 1970 are no better off than those without it, and so it is the rate and date of petitioner’s entry into participating employment that must be *49 credited — not the date of his entry into direct State service prior to March 31, 1970.
The administrative determination that so holds is neither arbitrary nor capricious and the petition is dismissed.

. Administratively this determination was confirmed. The petitioner was also advised originally that his terminal leave would be deducted from his military service credit of three years but on the hearing the petitioner was successful in having his terminal leave included in the three-year period of credit for military service.